hPETERS, J.
In this workers’ compensation case, Linda Dronet appeals a judgment denying her claim for indemnity benefits on the basis that the claim had prescribed. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.
DISCUSSION OF THE RECORD
Linda Dronet began employment with E-Z Mart as a manager on June 1, 1996. Allegedly, she injured her hands during the course of her employment on September 14, 1998. Thereafter, she was diagnosed with carpal tunnel syndrome in both hands and reflex sympathetic dystrophy of the right hand. Ms. Dronet’s injury necessitated medical treatment, including two surgeries on her right hand. E-Z Mart paid medical benefits and indemnity benefits in connection with the carpal tunnel syndrome.
Ms. Dronet returned to work at E-Z Mart in July of 1999, resulting in E-Z Mart discontinuing payment of indemnity benefits on August 3,1999. Still, Ms. Dro-net continued to undergo regular medical examinations and treatment, and E-Z Mart continued to pay her medical expenses.
Ms. Dronet claims that in August of 2001 she reinjured her right hand in the course of her employment with E-Z Mart while “mopping the floors” with an “industrial-sized mop.” Following this alleged reinjury, Ms. Dronet continued to maintain her monthly appointments with her orthopedic surgeon. However, although Ms. *1213 Dronet testified that she did inform the doctor that she reinjured her hand, the doctor did not record the new work accident. The doctor did, however, limit Ms. Dronet to part-time work on August 27, 2001. Ms. Dronet discontinued working on January 21, 2002, but E-Z Mart refused to pay indemnity benefits.
On February 18, 2002, Ms. Dronet filed the instant 1008 claim for indemnity | ¡^benefits,[1] penalties, and attorney fees, but she alleged September 14, 1998, as the date of her injury. E-Z Mart filed a peremptory exception of prescription. The WCJ held a hearing on only the exception of prescription and thereafter granted the exception. Ms. Dronet now appeals.
OPINION
Louisiana Revised Statutes 23:1209(A) provides in part:
In case of personal injury ... all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
(Footnote omitted.)
Ms. Dronet appeals the judgment of prescription on the basis that she sustained a new injury in August 2001 from a work accident, although the new injury was an aggravation of her preexisting injury. Thus, she contends that because she sustained a new injury, her claim is not subject to an exception of prescription based on the September 1998 injury. E-Z Mart contends that Ms. Dronet’s “current medical conditions are clearly a continuation of the conditions diagnosed back in 1998 according to the medical evidence.”
Initially, even assuming that E-Z Mart is correct in its assertion that Ms. Dronet’s current medical conditions are a continuation of her 1998 injury, we find that as a matter of law Ms. Dronet’s claim for supplemental earnings benefits has not 1 ¡¡prescribed. Specifically, as set forth above, a claim for benefits payable pursuant to La.R.S. 23:1221(3), i.e., supplemental earnings benefits, is not barred until the expiration of three years from the time the last payment was made for temporary total disability benefits, permanent total disability benefits, supplemental earnings benefits, or permanent partial disability benefits. See La.R.S. 23:1209(A). In the instant case, because E-Z Mart paid temporary total disability benefits for the 1998 injury until August 3, 1999, Ms. Dronet’s claim filed on February 18, 2002, or two years and six and one-half months after the last payment of indemnity benefits, is timely for the payment of supplemental earnings benefits arising out of the original 1998 injury. See generally Dufrene v. Video Co-Op, 02-1147 (La.4/9/03), 843 So.2d 1066. However, any claim for temporary total disability benefits arising out of the 1998 injury is not timely because more than one year has elapsed since the making of the last payment of indemnity benefits for the 1998 injury. Accordingly, we reverse the grant of the exception of *1214 prescription as to any claim for supplemental earnings benefits.
Nevertheless, Ms. Dronet may maintain a claim for temporary total disability benefits if she proves that she sustained an aggravation of her preexisting injury in August of 2001 through a work accident.[2] As a matter of law, “[preexisting disease or infirmity of the employee does not disqualify a claim if the work-injury aggravated, accelerated, or combined with the disease or infirmity to produce ... disability for which compensation is claimed.” Walton v. Normandy Village Homes Ass'n, Inc., 475 So.2d 320, 324 (La.1985). Still, the employee has the burden of establishing a work-related accident. Bruno v. Harbert Int’l Inc., 593 So.2d 357 (La.1992). “A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident.” Id. at 361. Corroboration of the employee’s testimony may be provided by the testimony of fellow workers, spouses or friends as well as by medical evidence. Id. In determining whether the employee has discharged her burden of proof, the WCJ should accept as true a witness’s uncontradicted testimony, even though the witness is a party, unless there are circumstances that east suspicion on the reliability of this testimony. Id. The WCJ’s determinations as to whether the employee’s testimony is credible and whether she has discharged her burden of proof are factual determinations which we may not disturb on review unless they are clearly wrong. Id.
According to Ms. Dronet, she reinjured her right hand while she was “mopping the floors” with an “industrial-sized mop.” She described the incident as follows: “[I]t looked like just a bolt of lightening went through my hand, and it hurted [sic] me, and ever since then the hand is progressively getting worse.... It is not getting any better.” There is no testimony or medical evidence to corroborate Ms. Dro-net’s testimony. In fact, at the time of the alleged new injury in August of 2001, Ms. Dronet was already under the monthly care of Dr. R. Dale Bernauer, a Lake Charles, Louisiana orthopedic surgeon, in connection with the preexisting injury. While Ms. Dronet testified that she did inform Dr. Bernauer of her new injury, he did not record |sany new injury. Yet, following the monthly exam of August 27, 2001, the doctor did record that Ms. Dro-net stated that she was working full time. Moreover, within the months preceding the alleged new injury, Dr. Bernauer reported that Ms. Dronet continued to have pain in her hand and that her hand was tender and reddened. Further, just two months prior to the alleged new injury, Ms. Dronet also saw a Dr. Ronald S. Ko-ber, “complaining of severe pain in [her] right hand,” and the doctor suggested a stellate ganglion block.
Apparently, the WCJ found that Ms. Dronet failed to prove she sustained a new injury in August of 2001. We find that the foregoing evidence and lack of corroboration provided the WCJ with a reasonable basis for her factual findings. We do note *1215 that Dr. Bernauer stated in a letter to Ms. Dronet’s attorney dated July 25, 2002, that he was of the opinion that Ms. Dronet’s “employment as a cashier did aggravate her condition.” However, pursuant to La. R.S. 23:1021(1), an accident is defined in part as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently ... and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” (Emphasis added.) The WCJ could have concluded that Dr. Ber-nauer’s opinion in that regard established only that Ms. Dronet’s condition was a gradual deterioration resulting from her job duties as a cashier, and not that Ms. Dronet sustained an aggravation of her condition from an actual, identifiable, precipitous event.
Further, while Dr. Bernauer did reduce Ms. Dronet to part-time work following the alleged new injury, he did so without giving any reason for this action other than the fact that Ms. Dronet informed him at that time that she was working full time. | ^Additionally, when Dr. Bernauer gave Ms. Dronet a full work excuse some five months after the alleged work accident, he did not give any reason for doing so other than that Ms. Dronet was having some problems at work. Without more, we do not find that the WCJ was clearly wrong in rejecting Ms. Dronet’s assertions of a new injury. While we might have weighed the evidence differently, we cannot overturn the WCJ’s factual findings unless they are clearly wrong. Thus, we affirm the WCJ’s grant of the exception of prescription as it relates to temporary total disability benefits.
At the hearing on the exception, the WCJ stated: “This matter comes before the Court on an Exception of Prescription filed on behalf of E-Z Mart.” Because the case was not first submitted to the WCJ on the merits of Ms. Dronet’s claim, we cannot render judgment on Ms. Dronet’s entitlement to supplemental earnings benefits other than to determine that any claim in that regard has not prescribed. See Uniform Rules- — Courts of Appeal, Rule 1-3 (providing that “Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise”). Thus, we remand this case for proceedings on the merits of Ms. Dronet’s entitlement to supplemental earnings benefits, penalties, and attorney fees.
DISPOSITION
For the foregoing reasons, we reverse the WCJ’s grant of the exception of prescription as to any claim Ms. Dronet has for supplemental earnings benefits. We affirm the judgment in all other respects and remand this case for further proceedings on the issues of supplemental earnings benefits, penalties, and attorney fees. We assess fifty percent of the costs of this appeal to Linda Dronet and fifty percent to E-Z|7Mart.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COOKS, J., concurs in part and dissents in part and assigns written reasons.
WOODARD, J., dissents and assigns written reasons.

. Ms. Dronet did not specify the type of indemnity benefits she sought.

. Even though Ms. Dronet's 1008 form specifies the date of injury as being September 14, 1998, her attorney explained at trial that the date was “just a typo.” We find that the pleadings were expanded in any event by the admission of evidence without objection regarding the alleged new injury of August 2001. See La.Code Civ.P. art. 1154: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading.”